IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOMAS G. BOMBADIL & CO.,**  Plaintiff, | : <br> : <br> : |
| v. | :    **CIVIL ACTION NO. 23-CV-2021** |
| | : |
| **GAIL E. GUSTAFSON & CO.,**  Defendant. | : <br> : |

## MEMORANDUM OPINION

Plaintiff "Tomas G. Bombadil & Co." filed this civil action against "Gail E. Gustafson & Co." It appears to be the latest case arising out of ongoing, vexatious litigation stemming from a dispute over property at a storage lot. Bombadil seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Bombadil leave to proceed *in forma pauperis* and dismiss his Amended Complaint.[1]

**I.      FACTUAL ALLEGATIONS AND LITIGATION HISTORY**

Bombadil titled his pleading "Complaint Under the 14th Amendment in Diversity" and purports to be raising the following claims or issues: (1) "unlawful conversion"; (2) "interpleader claim"; (3) "demand for account"; (4) "breach of contract"; (5) "unlawful seizure"; (6) "defalcation"; and (7) "conversion of personal goods by trespass." Am. Compl. at 1, 17-21, ECF No. 4. Although the allegations are confusing, the Court understands Bombadil to be raising

---

[1] After filing his Complaint on May 24, 2023, (ECF No. 2), Bombadil filed an Amended Complaint on May 27, 2023, (ECF No. 4). An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (holding that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings"). Accordingly, the Court will address Bombadil's second-filed complaint as the operative pleading.

claims on behalf of himself and others, including an individual by the name of Timothy D. Parr, whose property is allegedly stored at a lot owned by Gustafson. *Id.* at 14-16. As discussed further below, the property dispute resulted in prior litigation in state court. Following those proceedings, Bombadil filed the instant civil action in the hope that this Court would "permit jurisdiction of our otherwise state court complaint in order to determine the set offs and rights of <u>all</u> parties." *Id.* at 14 (underlining in original).

Years before this case was filed, Gustafson prevailed in a landlord-tenant action she filed in state court against an individual by the name of "Timothy Parr" and his business partner. *See Six Trailers v. Gustafson*, 279 A.3d 1278 (Pa. Super. 2022) (unpublished table disposition); *see also Parr v. Colantonio*, 844 F. App'x 476, 478 (3d Cir. 2021) (*per curiam*) ("In 2018, Gustafson filed a landlord-tenant action in Montgomery County Magisterial District Court seeking back rent and eviction of Parr from her property. Judgment was entered for Gustafson, and Parr appealed to the Montgomery County Court of Common Pleas."). As a result of that litigation, Parr was evicted and Gustafson was granted possession of six storage trailers located on the property. *See Six Trailers*, 279 A.3d at *2. At some point thereafter, a lawsuit was filed by Bombadil (*Bombadil I*), allegedly joined by "Timothy D. Parr," seeking "[t]o get around the preclusive effect of that judgment" and "to retake possession of the trailers." *Id.* at *1.

*Bombadil I* was dismissed "as a matter of law because the named plaintiffs did not exist and all the asserted claims had been previously litigated in case number 2018-28338 [the landlord-tenant litigation]." *Id.* at *2. Indeed, it was undisputed that "that 'Tom Bombadil' is a character in the Lord of the Rings fantasy novels and not a real person," and co-plaintiff Parr was alleged to be a "fictional tenant who does not exist." *Id.* at *3 (internal quotations omitted). The Pennsylvania Superior Court affirmed the dismissal of *Bombadil I* and remanded for imposition

of attorneys' fees in favor of Gustafson based on the conclusion that the "complaint and appeal were filed for vexatious and dilatory purposes." *Id.* at *4.

In the instant civil action, Bombadil essentially seeks to reassert the claims raised in *Bombadil I*. *See* Am. Compl. at 2, ¶ 3 ("For a more complete description of our rights and claims, see the proposed state court Amended Complaint . . . listed below."); *id.* at 14-34 (amended complaint from the Montgomery Court of Common Pleas action, case number 2020-19757). Bombadil also attributes various errors to the state courts in their handling of the landlord-tenant action and *Bombadil I*. *Id.* at 2-3, 9-34. Bombadil seeks damages and assorted injunctive relief, including that the Court appoint a "receiver" for Gustafson's property and a personal representative for her due to her alleged age and infirmity. *Id.* at 3.

## II.   STANDARD OF REVIEW

The Court will grant Bombadil leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Because Bombadil has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim, or seeks relief from an immune defendant. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in Section 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25,

33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id*.  "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings."  *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").  Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

III.   DISCUSSION

   A.  **Claims on Behalf of Others**

It appears that Bombadil in part intends to raise claims on behalf of others and to seek relief on their behalf.  *See* Am. Compl. at 1 (stating that Bombadil seeks to represent "the

4

interests of all Yard customers and other tenant property owners"). Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Furthermore, "a plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *See Twp. of Lyndhurst v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (internal quotations omitted)). For these reasons, any claims that Bombadil brings on behalf of others must be dismissed without prejudice for lack of standing.

**B. Claim Preclusion**

To the extent Bombadil raises claims on his own behalf, those claims are precluded by the judgment in *Bombadil I*. Claim preclusion, also known as res judicata, "bars a party from initiating a subsequent suit against the same adversary based on the same cause of action as a prior suit." *Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (citing *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir.2010)). "The purpose of res judicata is to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial

resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Where the prior litigation occurred in Pennsylvania courts, this Court "must give the same preclusive effect to the judgment in [a] common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2016). Under Pennsylvania law, res judicata applies when the prior action and the subsequent action "share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued." *Id.* (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974)).

A comparison of this case to *Bombadil I* makes clear that res judicata applies. The cases involve the same parties and are predicated upon the same events. Indeed, Bombadil's pleading in this case incorporates and relies on the amended complaint in *Bombadil I* to articulate his claims. Further, it is irrelevant that Bombadil seeks to raise additional claims in this case because "[r]es judicata applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action."[2] *Turner*, 449 F.3d at 548 (quoting *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313

---

[2] To the extent Bombadil raises claims based on harm caused by the state courts' judgments or decisions, the Court lacks jurisdiction to review such claims. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments[.]" *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those

(Pa. 1995)) (emphasis omitted).  As this lawsuit is a clear attempt to reassert claims that have been finally dismissed in state court, it is precluded.

IV.     **CONCLUSION**

For the foregoing reasons, Bombadil shall be granted leave to proceed *in forma pauperis*, claims raised on behalf of others and claims barred by the *Rooker-Feldman* doctrine shall be dismissed without prejudice, and the balance of the Amended Complaint shall be dismissed as barred by claim preclusion.  Bombadil will not be given leave to amend because amendment would be futile.  Given the history of this case as articulated by the state court, the Court concludes as an alternative basis for dismissal that this action is frivolous.  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**

---

judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* (internal quotations and alterations omitted).

Bombadil lost *Bombadil I* prior to initiating this lawsuit.  At times, he seems to be alleging that his due process rights were violated based on how the state courts handled *Bombadil I*.  He also seemingly invites this Court to review that state court's judgment.  However, pursuant to the *Rooker-Feldman* doctrine, the Court lacks jurisdiction to act as an appellate court for purposes of reviewing state courts' decisions.